FLOYD DECKER, Appellant, v. FLORA RODABAUGH, Doing Business as RODABAUGH TRANSPORTATION LINES, Respondent. EDWIN C. WHITTAKER, Appellant, v. FLORA RODABAUGH, Doing Business as RODABAUGH TRANSPORTATION LINES, Respondent.— Appeal from a decision of the Supreme Court, Chemung County.

Plaintiffs and defendant entered into a written agreement by which plaintiffs leased their trucks to defendant who was engaged in the transportation business. The defendant agreed to pay plaintiffs "90% of the gross income on each load". In actual practice defendant also retained twenty cents per hundred pounds of freight handled at the terminal. If defendant was not entitled to retain this amount, plaintiff Whittaker would be entitled to recover $3,450 and plaintiff Decker $8,400. There was a preliminary inquiry before a referee and then a trial of the issues before the court. Before the Referee proof offered by defendant was to the effect that plaintiffs agreed orally to this charge by defendant before the contract was signed. This was categorically denied before the Referee by both plaintiffs. On the trial further proof was adduced by defendant to the oral agreement but plaintiffs did not deny the oral agreement on the trial. Upon appeal it is argued that proof of the oral agreement to permit the charge for handling at the terminal was incompetent as tending to vary the terms of a written agreement describing "gross income" which is said not to be ambiguous. But before the Referee's hearing was held the parties stipulated in writing that the claim of defendant being that "a verbal agreement" permitted the terminal handling charge that she be "allowed" to "bring evidence proving her claim before the court". This seems to us to be a waiver of the objection to the competency of the proof of verbal agreement. It is argued by appellants that even if admissible there is "no proof to show such an agreement existed". We have pointed out the nature of this proof and we think the question was open on the facts. There is some other proof suggesting that plaintiffs knew of and acquiesced in the practice of making the terminal handling charge in their arrangements with defendant both before and after the agreement was signed. The meaning of the term "gross income" was open to some explanation in local trucking usage; and although appellants' brief states that there is "no evidence * * * tending to show the existence of a custom or usage in the trade * * * which might permit" the deduction, there is proof that these were "normal charges for use of the terminal" and the arrangement was the "same basis used for any other trucker" and that "no one would charge less". Judgment affirmed, with costs to respondent. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.